IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHANE A. KITTERMAN,
No. B-80577,

Petitioner,

vs.                                           Case No. 16-cv-1134-DRH

JASON GARNETT,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, a state prisoner currently incarcerated in the Shawnee Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. The instant petition was filed on October 14, 2016.

Previously, Petitioner filed a § 2254 habeas action in this Court on June 22, 2016 (*Kitterman v. Garnett*, Case No. 16-cv-684-DRH), which was dismissed on August 2, 2016, for failure to exhaust state court remedies. (Doc. 9 in Case No. 16-cv-684). Petitioner is currently serving sentences on three St. Clair County convictions for failure to register as a sex offender: St. Clair County Circuit Court Nos. 12-CF-1204, 14-CF-1422, and 15-CF-373. In Case No. 14-CF-1422, he was found guilty following a jury trial. He entered guilty pleas in the other two cases. On August 20, 2015, he was sentenced to three years in each case, with the 2014 and 2015 case sentences ordered to be served consecutively, and the 2012

sentence concurrent. (Doc. 1, p. 1; Doc. 9 in Case No. 16-cv-684). Petitioner filed a direct appeal from each of these three convictions. Those appeals were still pending when he filed the earlier habeas action, thus, dismissal of that action was required.

Each of the three recent convictions was premised on Petitioner's duty to maintain registration as a sex offender, following a January 10, 1996, conviction in St. Clair County for aggravated criminal sexual abuse (St. Clair County Case No. 95-CF-750). Petitioner asserts, however, that he in fact had no duty to register at the time he was charged with the 2012, 2014, and 2015 offenses, under the terms of his plea agreement in the 1995 case. According to that plea, he was to serve 4 years of probation, with the first 12 months being intensive probation. During the probation term, he would be required to comply with the "Child Sex Offender Registration Act," 730 ILCS 150 (West 1992),[1] but his duty to register would "cease to exist" upon termination of his probation. (Doc. 1, pp. 2-3; Doc. 1-1, p. 5). Petitioner maintains that his duty to register was terminated when he completed his sentence for the 1995 offense, and thus the convictions for the 2012, 2014, and 2015 cases are "unlawful and void." (Doc. 1, p. 2).

In the current petition, Kitterman specifies that his challenge is limited to one single issue: His assertion that the contract between himself and the State of Illinois, made on January 10, 1996, in the form of the negotiated plea agreement in St. Clair County Case No. 95-CF-750, resulted in Petitioner's duty to register as

---

[1] Petitioner notes that the plea agreement specified that his registration obligations would be governed by the 1992 version of the Child Sex Offender Registration Act, and not by the 1996 amendments to the Act. (Doc. 1-1, pp. 8, 10-11).

2

a sex offender being extinguished when he completed his probation term.[2] (Doc. 1, pp. 3-4). He asserts that he has exhausted all available state court remedies on this issue, by seeking leave to file an original writ of mandamus in the Illinois Supreme Court (denied on September 27, 2016); filing a motion in the Illinois Supreme Court to "declare law unconstitutional as applied" (denied on September 27, 2016); filing an emergency motion in the Illinois Appellate Court, Fifth District (denied in 2016) and attempting to bring an administrative action with the Illinois State Police. (Doc. 1, p. 4). Notably, this question of whether Petitioner had a duty to register as a sex offender was reserved for appeal in St. Clair County No. 12-CF-1204, which is one of the appeals that is still ongoing in the Illinois state courts (Doc. 1-1, p. 31; Doc. 9 in *Kitterman v. Garnett*, Case No. 16-cv-684-DRH (S.D. Ill.)).

This habeas action is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the petition, supplements, and motion for plenary hearing, the

---

[2] Petitioner's Brief in Support of the Petition (Doc. 1-1), and his Motion for Plenary Hearing (Doc. 8) disclose that he did not successfully complete the original term of 4 years' probation. He began probation on January 10, 1996, but his probation was revoked on March 6, 1997. After the revocation, he was sentenced to 4 years in prison. He was released in 1998 after serving approximately 7 months, with credit for time served. He claims that according to the terms of his plea agreement, he was relieved of the requirement to register as a sex offender upon his 1998 release from prison (Doc. 1-1, p. 6; Doc. 8, pp. 5-7).

Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

## Discussion

In order for Petitioner to raise a habeas corpus challenge to the 1995 St. Clair County conviction, as he clearly states he wishes to do in this petition, he must currently be "in custody" under that conviction.  *See* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).  The Supreme Court has interpreted the "in custody" requirement to mean that the petitioner must be in custody under the conviction or sentence he seeks to attack in the petition, at the time the habeas action is brought.  Where the sentence under attack has fully expired, the habeas petitioner can no longer be "in custody" under that sentence, and thus cannot bring a habeas action to challenge the expired sentence or the conviction that the sentence was based upon.  *Maleng*, 490 U.S. at 491; *see also Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) (petitioner who "is no longer serving the sentences imposed pursuant to" the conviction challenged in a petition "cannot bring a federal habeas petition directed solely at" that conviction).

The *Maleng* court further noted, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes

of a habeas attack upon it." *Maleng*, 490 U.S. at 492. Thus, a habeas petitioner cannot maintain a habeas action solely challenging an expired sentence/conviction, even if the "collateral consequences" of the conviction might result in a lengthier incarceration for a later conviction. *Id*. Similarly, a petitioner confined after a civil commitment as a sexually violent person was no longer "in custody" for purposes of a direct habeas attack on the criminal conviction, because that sentence had expired – even though the previous criminal conviction was a predicate for the civil commitment. *Stanbridge v. Scott*, 791 F.3d 715, 718-19 (7th Cir. 2015). The Seventh Circuit explained in *Stanbridge*:

> *Maleng* holds that when sentence **A** has expired but has been used to augment sentence **B,** the prisoner is "in custody" only on sentence **B.** The consequences of sentence **A** for sentence **B** do not yield continued "custody" *on sentence* **A,** the Court concluded. [However,] a person in custody on sentence **B** may contend that *that* custody violates the Constitution if it was augmented because of an invalid sentence **A**.... Whether the federal court with jurisdiction over the custodian holding the prisoner on sentence **B** may inquire into the validity of sentence **A** is a matter of comity and the rules of preclusion, not of "custody."

*Stanbridge v. Scott*, 791 F.3d at 721 (quoting *Crank v. Duckworth*, 905 F.2d 1090, 1091 (7th Cir.1990)).[3]

In the case at bar, Petitioner is clearly not in custody on the 1995 conviction he seeks to challenge herein. He was released from prison in 1998, after completing the sentence he received when his original probation was

---

[3] The *Stanbridge* court went on to note that subsequent to *Crank v. Duckworth*, the Supreme Court held that a federal court hearing a habeas challenge to "sentence **B**" in the above illustration *cannot* inquire into the validity of "sentence **A**." *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 403 (2001) (holding that "once a state conviction is no longer open to direct or collateral attack in its own right . . . the conviction may be regarded as conclusively valid"). *See Stanbridge*, 791 F.3d at 721-22.

5

revoked. The sentence for St. Clair County Case No. 95-CF-750 expired long ago, and he cannot now bring a habeas corpus challenge to that conviction. Accordingly, this Court lacks jurisdiction to entertain a petition seeking to challenge the 1995 conviction or sentence, and this action must be dismissed.

Petitioner's current custody is the result of conduct occurring long after the expiration of the 1995 sentence. He is prosecuting his appeals of those 2012, 2014, and 2015 cases through the state courts. As Petitioner was advised in the order dismissing his earlier habeas corpus action (Case No. 16-cv-684), he cannot maintain a federal habeas challenge to the 2012, 2014, or 2015 convictions until he has fully exhausted his state court remedies.

## Disposition

For the reasons summarized above, the petition is summarily **DISMISSED** with prejudice, for lack of subject matter jurisdiction.

All pending motions are **DENIED AS MOOT.**

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons*

6

*v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

### Certificate of Appealability

Should Petitioner desire to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of appealability, either from this Court or from the court of appeals.  *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1).  Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but Petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part.  *Id*. at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  If the district court denies the request, a petitioner may request that a circuit judge issue the certificate.  FED. R. APP. P. 22(b)(1)-(3).

7

For the reasons detailed above, the Court has determined that Petitioner is not entitled to relief at this time because he is not currently in custody on the 1995 conviction he seeks to challenge.  Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect.  Thus, Petitioner has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**Dated: February 13, 2017**

Digitally signed by Judge David R. Herndon
Date: 2017.02.13 14:14:09 -06'00'

**United States District Judge**